UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KARA B. RANDOLPH,                       Case No. 26-CV-
                                        HON.
            Plaintiff,                  MAG. JUDGE

vs.

CITY OF DETROIT and AISHA PERRY,
individually and in their official capacities,
and jointly and severally,

            Defendants.
_____
GARY T. MIOTKE (P41813)
Attorney for Plaintiff
6828 Park Avenue
Allen Park, MI 48101
(313)-388-4809
gmiotke@miotkelawoffice.com

_____

### COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff by and through her attorney, and for her

Complaint she states that:

### JURISDICTION, PARTIES, VENUE

1. This action arises out of the Plaintiff's employment.

2. Count I arises out of Plaintiff's employment and is a claim to enforce her

rights pursuant to the Americans with Disabilities Act ("ADA"), 42 USC 12101 et

seq.

1

3. This Court has jurisdiction over Count I pursuant to 42 USC 12117, 42 USC 2000e-5, and/or 28 USC 1331.

4. Count II is a claim for sex, race and/or color discrimination pursuant to Title VII, 42 USC 2000e et seq. and/or the Pregnancy Discrimination Act ("PDA").

5. This Court has jurisdiction over Count II pursuant to 42 USC 2000e-5 and 28 USC 1331, 1343.

6. Count III is a claim for violation of the Pregnant Workers Fairness Act ("PWFA"), 42 USC 2000gg, et seq.

7. This Court has jurisdiction over Count III pursuant to 42 USC 2000e-5 and 28 USC 1331, 1343.

8. Count IV is a claim for age discrimination pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 USC 621 et seq.

9. This Court has jurisdiction over Count IV pursuant to 29 USC 626(c).

10. Count V is a claim for retaliation pursuant to Title VII, 42 USC 2000e et seq.; the PDA; the PWFA; and the ADA.

11. This Court has jurisdiction over Count V pursuant to 42 USC 2000e-5; 28 USC 1331, 1343; and 42 USC 12117.

12. This Court has jurisdiction over Counts VI, VII, VIII, and IX pursuant to the doctrine of supplemental jurisdiction, 28 USC 1367.

13. In addition, Counts I, II, III, IV, and V have been properly filed within 90 days of the receipt of the "right to sue letter" by the Plaintiff.

14. Plaintiff is a resident of a municipality that exists within the Eastern District of Michigan, Southern Division.

15. Defendant, CITY OF DETROIT ("City") is a Michigan municipal corporation that exists by virtue of the laws of the State of Michigan within the Eastern District of Michigan, Southern Division.

16. Defendant, AISHA PERRY ("Perry") is a resident of a municipality that exists within the Eastern District of Michigan, Southern Division and was for all times material to this Complaint employed as Plaintiff's direct supervisor who held the position of HR Assistant Manager.

17. The events giving rise to this case arose within the Eastern District of Michigan.

BACKGROUND FACTS

18. For all times material to this Complaint, Plaintiff was an African American, black female who was over 40 years of age and employed by the City as a Human Resources Generalist.

19. Further, for all times material to this Complaint, Plaintiff was a female who had been pregnant, given birth, and/or had conditions stemming from pregnancy and/or childbirth that required accommodation.

20. Moreover, for all times material to this Complaint, Plaintiff was a person who had one or more physical impairments or conditions that substantially limited one or more of her major life activities and had had a history or record of such an impairment.  Further, Plaintiff was regarded by and/or perceived by the Defendants as having such impairment(s).

21. Specifically, Plaintiff was a person who had: (A) Meniere's Disease – which has been described in a "Google" search as "a chronic inner ear disorder characterized by spontaneous, severe vertigo, fluctuating hearing loss, ringing in the ear (tinnitus), and a feeling of fullness in the ear. (B) physical impairments or conditions stemming from pregnancy and/or childbirth.

22. During her employment, Plaintiff experienced multiple instances of disparate and discriminatory treatment compared to similarly-situated colleagues and co-workers.

23. Following the birth of her child, and while dealing with ongoing medical complications related to childbirth, Plaintiff notified the Defendants of her health conditions and formally requested the ability to work from home as an accommodation.

24. Her request was denied.

25. Plaintiff later learned that Perry and others outside the Plaintiff's protected classes were granted such accommodations.

26. Perry was given this accommodation both during her maternity leave and after her official return.

27. Meanwhile, other employees, in similar roles particularly those who, like Plaintiff, belonged to protected classes, were also denied remote work accommodations.

28. Additionally, male City employees were granted work-from-home accommodations or allowed to take paid leave without having to use vacation time.

29. For example, a security officer with medical concerns was permitted to work from home and continued to receive full pay during that period.

30. These accommodations were denied to the Plaintiff and others in her position and/or protected classes, despite their similar or greater need.

31. Another colleague of the Plaintiff's was also denied a reasonable accommodation for remote work after returning from medical leave.

32. This pattern suggests a broader practice of denying accommodations and benefits to employees in protected groups, while providing such benefits to others outside these groups.

33. After the Plaintiff's return to work, she was not provided adequate work space. She was frequently required to work out of two different locations, often without a consistent or private space to handle sensitive HR matters.

34. Despite multiple requests for an office or shared HR space, the Defendants told the Plaintiff that no space was available and she continued to be denied this basic professional accommodation.

35. The Plaintiff was also provided with lactation accommodations that were subpar and did not meet legal or health standards.  This further contributed to an environment that was not supportive of Plaintiff's needs as a new mother and in violation or workplace requirements.

36. Shortly after expressing her intent to report these discriminatory and unfair labor practices, Plaintiff was terminated

37. Plaintiff's termination took place at the end of the month at a time when the Defendants knew that she had an upcoming critical medical appointment, The termination thus resulted in the loss of Plaintiff's medical benefits at a terrible time.

38. Further, the Plaintiff's termination was unjustified and the process by which the termination was handled was misleading and deceitful.

39. Basically, Plaintiff was discriminated against and denied reasonable accommodations in violation of federal and Michigan law and was terminated in retaliation for exercising her rights and raising concerns about discriminatory workplace practices and otherwise.

## COUNT I: DISABILITY DISCRIMINATION UNDER FEDERAL LAW

40. Plaintiff incorporates paragraphs 1 through 39 above by reference.

41. For all times material to this Complaint, the Defendant City was a "covered entity" pursuant to the ADA under 42 USC 12111(2) in that the Defendant City was an "employer" under 42 USC 12111(5)(A).

42. By virtue of the impairments and/or conditions described above, the Plaintiff was a person who was actually and currently disabled for all times material to this Complaint.

43. As such, Plaintiff was an individual with a disability under the ADA. More specifically, Plaintiff had one or more physical impairments or conditions that substantially limited one or more of her major life activities and has had a history or record of such an impairment.  Further, Plaintiff had been regarded by and/or perceived by the Defendants as having such an impairment.

44. Plaintiff also has been and is a qualified individual with a disability under the ADA.  Plaintiff is an individual who, with reasonable accommodation, could perform the essential functions of his job without any undue hardship being caused to the Defendant City.

45.  Plaintiff was discriminated against by the Defendants in the terms and conditions of her employment in that the Defendants terminated her employment because she had a disability under the ADA.  That is, the Defendants terminated

the Plaintiff because she had a physical impairment that substantially limits one or more of her major life activities and has had history or record of such an impairment.  Further, the Defendants terminated the Plaintiff because they regarded her and/or perceived her as having such an impairment, although their understanding and/or perception of the Plaintiff's impairment may not have been accurate.

46. Further, the Defendants discriminated against the Plaintiff in the terms and conditions of her employment in that they refused to reasonably accommodate her impairments and/or conditions and simply refused to engage in the interactive process to explore how those limitations could have been reasonably accommodated.  Instead, they terminated the Plaintiff.

47. The Defendants conducted themselves with reckless indifference to the Plaintiff's federally protected rights.

48. As a direct and proximate result of the Defendants' violations of the Plaintiff's rights, Plaintiff has sustained damages including (but not necessarily limited to) the following:

> (a)  Loss of income;
>
> (b)  Loss of fringe benefits;
>
> (c)  Loss of pension and/or Social Security benefits;
>
> (d)  Severe mental anguish and distress;

(e)  Embarrassment and humiliation;

(f)  Mental anguish stemming from the outrage she experienced

as a result of the actions against her;

(g)  Fright, shock, and mortification;

(h)  Pain and suffering;

(i)  Damage to reputation;

(j) Liquidated damages;

(k) Punitive damages; and

(l)  Costs and attorney fees.

WHEREFORE, your Plaintiff respectfully requests this Honorable Court to enter a judgment in her favor against the Defendants, jointly and severally, awarding her an amount in excess of Five Hundred Thousand ($500,000.00) Dollars to which she is entitled for compensatory, exemplary, liquidated, and punitive damages; granting her equitable relief (including expungement of false information from her personnel record); and awarding her costs, interest, and attorney fees so wrongfully incurred.

<u>COUNT II:  SEX, RACE AND/OR COLOR DISCRIMINATION IN VIOLATION OF TITLE VII AND THE PREGNANCY DISCRIMINATION ACT ("PDA")</u>

49. The Plaintiff incorporates paragraphs 1 through 48 above by reference.

50. Each Defendant was an "employer" within the meaning of Title VII and/or the PDA.

51. Plaintiff was discriminated against by the Defendants because of her sex, race, and/or color in violation of Title VII and/or the PDA, including by refusing to provide the Plaintiff with reasonable accommodations.

52. Further, the Defendants did so with malice and/or in reckless disregard of the Plaintiff's rights.

53. As a direct and proximate result of the Defendants' violations of the Plaintiff's rights, Plaintiff has sustained damages including (but not necessarily limited to) the following:

   (a)  Loss of income;

   (b)  Loss of fringe benefits;

   (c)  Loss of pension and/or Social Security benefits;

   (d)  Severe mental anguish and distress;

   (e)  Embarrassment and humiliation;

   (f)  Mental anguish stemming from the outrage she experienced as a result of the actions against her;

   (g)  Fright, shock, and mortification;

   (h)  Pain and suffering;

   (i)  Damage to reputation;

(j) Liquidated damages;

(k) Punitive damages; and

(l)  Costs and attorney fees.

WHEREFORE, your Plaintiff respectfully requests this Honorable Court to enter a judgment in her favor against the Defendants, jointly and severally, awarding her an amount in excess of Five Hundred Thousand ($500,000.00) Dollars to which she is entitled for compensatory, exemplary, liquidated, and punitive damages; granting her equitable relief (including expungement of false information from her personnel record); and awarding her costs, interest, and attorney fees so wrongfully incurred.

## COUNT III: VIOLATION OF THE PREGNANT WORKERS FAIRNESS ACT ("PWFA"), 42 USC 2000gg

54. The Plaintiff incorporates paragraphs 1 through 53 above by reference.

55. Each Defendant was a "covered entity" and/or "employer" within the meaning of the Pregnant Workers Fairness Act ("PWFA"), 42 USC 2000gg.

56. the Defendants violated the PWFA in that (a) they did not make reasonable accommodations related to the pregnancy, childbirth, or related medical conditions of the Plaintiff as a qualified employee under the PWFA and/or (b) took adverse action in the terms, conditions, or privileges of employment against the Plaintiff as a qualified employee under the PWFA on account of the employee

11

requesting or using a reasonable accommodation to the known limitations related to the pregnancy, childbirth, or related medical conditions of the employee.

57. Further, the Defendants did so with malice and/or in reckless disregard of the Plaintiff's rights.

58. As a direct and proximate result of the Defendants' violations of the Plaintiff's rights, Plaintiff has sustained damages including (but not necessarily limited to) the following:

(a)  Loss of income;

(b)  Loss of fringe benefits;

(c)  Loss of pension and/or Social Security benefits;

(d)  Severe mental anguish and distress;

(e)  Embarrassment and humiliation;

(f)  Mental anguish stemming from the outrage she experienced as a result of the actions against her;

(g)  Fright, shock, and mortification;

(h)  Pain and suffering;

(i)  Damage to reputation;

(j) Liquidated damages;

(k) Punitive damages; and

(l)  Costs and attorney fees.

WHEREFORE, your Plaintiff respectfully requests this Honorable Court to enter a judgment in her favor against the Defendants, jointly and severally, awarding her an amount in excess of Five Hundred Thousand ($500,000.00) Dollars to which she is entitled for compensatory, exemplary, liquidated, and punitive damages; granting her equitable relief (including expungement of false information from her personnel record); and awarding her costs, interest, and attorney fees so wrongfully incurred.

COUNT IV: AGE DISCRIMINATION IN VIOLATION OF ADEA

59. The Plaintiff incorporates paragraphs 1 through 58 above by reference.

60. Each Defendant was an "employer" within the meaning of the ADEA.

61. Plaintiff was discriminated against by the Defendants in violation of the ADEA because of her age.

62. Further, the Defendants did so with malice and/or in reckless disregard of the Plaintiff's rights.

63. As a direct and proximate result of the Defendants' violations of the Plaintiff's rights, Plaintiff has sustained damages including (but not necessarily limited to) the following:

(a) Loss of income;

(b) Loss of fringe benefits;

(c) Loss of pension and/or Social Security benefits;

13

(d)  Severe mental anguish and distress;

(e)  Embarrassment and humiliation;

(f)  Mental anguish stemming from the outrage she experienced

as a result of the actions against her;

(g)  Fright, shock, and mortification;

(h)  Pain and suffering;

(i)  Damage to reputation;

(j) Liquidated damages;

(k) Punitive damages; and

(l)  Costs and attorney fees.

WHEREFORE, your Plaintiff respectfully requests this Honorable Court to enter a judgment in her favor against the Defendants, jointly and severally, awarding her an amount in excess of Five Hundred Thousand ($500,000.00) Dollars to which she is entitled for compensatory, exemplary, liquidated, and punitive damages; granting her equitable relief (including expungement of false information from her personnel record); and awarding her costs, interest, and attorney fees so wrongfully incurred.

## COUNT V: RETALIATION IN VIOLATION OF TITLE VII, PDA, PWFA, AND ADA

64. Plaintiff incorporates paragraphs 1 through 63 above by reference.

14

65. Each Defendant was an "employer" and/or a covered entity within the meaning of Title VII, the PDA, the PWFA, and/or the ADA.

66. Title VII, the PDA, the PWFA, and/or the ADA prohibit an employer and/or a covered entity from retaliating and/or discriminating against another person because the other person has opposed any practice made an unlawful employment practice by them; because the other person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under them; and/or because the person has requested a reasonable accommodation or otherwise exercised rights under one or more of them.

67. The Defendants violated Title VII, the PDA, the PWFA, and/or the ADA by retaliating against her and terminating her because she did these things.

68. Further, the Defendants did so with malice and/or in reckless disregard of the Plaintiff's rights.

69. As a direct and proximate result of the Defendants' violations of the Plaintiff's rights, Plaintiff has sustained damages including (but not necessarily limited to) the following:

    (a)  Loss of income;

    (b)  Loss of fringe benefits;

    (c)  Loss of pension and/or Social Security benefits;

    (d)  Severe mental anguish and distress;

(e)  Embarrassment and humiliation;

(f)  Mental anguish stemming from the outrage she experienced

as a result of the actions against her;

(g)  Fright, shock, and mortification;

(h)  Pain and suffering;

(i)  Damage to reputation;

(j) Liquidated damages;

(k) Punitive damages; and

(l)  Costs and attorney fees.

WHEREFORE, your Plaintiff respectfully requests this Honorable Court to enter a judgment in her favor against the Defendants, jointly and severally, awarding her an amount in excess of Five Hundred Thousand ($500,000.00) Dollars to which she is entitled for compensatory, exemplary, liquidated, and punitive damages; granting her equitable relief (including expungement of false information from her personnel record); and awarding her costs, interest, and attorney fees so wrongfully incurred.

## COUNT VI: DISABILITY DISCRIMINATION UNDER STATE LAW

70. Plaintiff incorporates paragraphs 1 through 69 above by reference.

71. For all times material to this Complaint, each Defendant was an "employer" under The Persons with Disabilities Civil Rights Act ("PDCRA") under MCL 37.1201(b) as well as a "person" under the PDCRA.

72. For the reasons noted above, Plaintiff was a person with a disability under the PDCRA.

73. The Defendant violated the PDCRA by discriminating against the Plaintiff in the ways noted above.

74. As a direct and proximate result of the Defendants' violations of the Plaintiff's rights, Plaintiff has sustained damages including (but not necessarily limited to) the following:

    (a)  Loss of income;

    (b)  Loss of fringe benefits;

    (c)  Loss of pension and/or Social Security benefits;

    (d)  Severe mental anguish and distress;

    (e)  Embarrassment and humiliation;

    (f)  Mental anguish stemming from the outrage she experienced as a result of the actions against her;

    (g)  Fright, shock, and mortification;

    (h)  Pain and suffering;

    (i)  Damage to reputation;

(j) Liquidated damages;

(k) Punitive damages; and

(l)  Costs and attorney fees.

WHEREFORE, your Plaintiff respectfully requests this Honorable Court to enter a judgment in her favor against the Defendants, jointly and severally, awarding her an amount in excess of Five Hundred Thousand ($500,000.00) Dollars to which she is entitled for compensatory, exemplary, liquidated, and punitive damages; granting her equitable relief (including expungement of false information from her personnel record); and awarding her costs, interest, and attorney fees so wrongfully incurred.

## COUNT VII:  SEX, RACE AND/OR COLOR DISCRIMINATION IN VIOLATION OF ELLIOTT-LARSEN CIVIL RIGHTS ACT ("ELCRA")

75. Plaintiff incorporates paragraphs 1 through 74 above by reference.

76. Each Defendant was an "employer" within the meaning of the ELCRA.

77. Plaintiff was discriminated against by the Defendants because of her sex, race, and/or color in violation of the ELCRA, including by refusing to provide the Plaintiff with reasonable accommodations.

78. Further, the Defendants did so with malice and/or in reckless disregard of the Plaintiff's rights.

79. As a direct and proximate result of the Defendants' violations of the Plaintiff's rights, Plaintiff has sustained damages including (but not necessarily limited to) the following:

      (a)  Loss of income;

      (b)  Loss of fringe benefits;

      (c)  Loss of pension and/or Social Security benefits;

      (d)  Severe mental anguish and distress;

      (e)  Embarrassment and humiliation;

      (f)  Mental anguish stemming from the outrage she experienced as a result of the actions against her;

      (g)  Fright, shock, and mortification;

      (h)  Pain and suffering;

      (i)  Damage to reputation;

      (j) Liquidated damages;

      (k) Punitive damages; and

      (l)  Costs and attorney fees.

WHEREFORE, your Plaintiff respectfully requests this Honorable Court to enter a judgment in her favor against the Defendants, jointly and severally, awarding her an amount in excess of Five Hundred Thousand ($500,000.00) Dollars to which she is entitled for compensatory, exemplary, liquidated, and

punitive damages; granting her equitable relief (including expungement of false information from her personnel record); and awarding her costs, interest, and attorney fees so wrongfully incurred.

<u>COUNT VIII: AGE DISCRIMINATION IN VIOLATION OF ELLIOTT-LARSEN CIVIL RIGHTS ACT ("ELCRA")</u>

80. The Plaintiff incorporates paragraphs 1 through 79 above by reference.

81. Each Defendant was an "employer" within the meaning of the <u>ELCRA</u>.

82. Plaintiff was discriminated against by the Defendants in violation of the <u>ELCRA</u> because of her age.

83. Further, the Defendants did so with malice and/or in reckless disregard of the Plaintiff's rights.

84. As a direct and proximate result of the Defendants' violations of the Plaintiff's rights, Plaintiff has sustained damages including (but not necessarily limited to) the following:

      (a)  Loss of income;

      (b)  Loss of fringe benefits;

      (c)  Loss of pension and/or Social Security benefits;

      (d)  Severe mental anguish and distress;

      (e)  Embarrassment and humiliation;

      (f)  Mental anguish stemming from the outrage she experienced as a result of the actions against her;

(g)  Fright, shock, and mortification;

(h)  Pain and suffering;

(i)  Damage to reputation;

(j) Liquidated damages;

(k) Punitive damages; and

(l)  Costs and attorney fees.

WHEREFORE, your Plaintiff respectfully requests this Honorable Court to enter a judgment in her favor against the Defendants, jointly and severally, awarding her an amount in excess of Five Hundred Thousand ($500,000.00) Dollars to which she is entitled for compensatory, exemplary, liquidated, and punitive damages; granting her equitable relief (including expungement of false information from her personnel record); and awarding her costs, interest, and attorney fees so wrongfully incurred.

## COUNT IX:  RETALIATION IN VIOLATION OF THE ELCRA AND/OR THE PDCRA

85. Plaintiff incorporates paragraphs 1 through 84 above by reference.

86. Each Defendant was a "person" within the meaning of the ELCRA and/or the PDCRA.

87. The Defendants violated Section 701 of the ELCRA and/or the PDCRA, by taking the adverse action they did against the Plaintiff as described above.

88. The Defendants violated the ELCRA and/or the PDCRA by taking the adverse action against the Plaintiff as described above because (a) she had engaged in the above protected activity and/or (b) in order to interfere with her exercise or enjoyment of rights granted by the ELCRA and/or the PDCRA.

89. Further, the Defendants did so with malice and/or in reckless disregard of the Plaintiff's rights.

90. As a direct and proximate result of the Defendants' violations of the Plaintiff's rights, Plaintiff has sustained damages including (but not necessarily limited to) the following:

    (a)  Loss of income;

    (b)  Loss of fringe benefits;

    (c)  Loss of pension and/or Social Security benefits;

    (d)  Severe mental anguish and distress;

    (e)  Embarrassment and humiliation;

    (f)  Mental anguish stemming from the outrage she experienced as a result of the actions against her;

    (g)  Fright, shock, and mortification;

    (h)  Pain and suffering;

    (i)  Damage to reputation;

    (j) Liquidated damages;

(k) Punitive damages; and

(l)  Costs and attorney fees.

WHEREFORE, your Plaintiff respectfully requests this Honorable Court to enter a judgment in her favor against the Defendants, jointly and severally, awarding her an amount in excess of Five Hundred Thousand ($500,000.00) Dollars to which she is entitled for compensatory, exemplary, liquidated, and punitive damages; granting her equitable relief (including expungement of false information from her personnel record); and awarding her costs, interest, and attorney fees so wrongfully incurred.

DEMAND FOR TRIAL BY JURY IS HEREBY MADE.

DATED: May 8, 2026                    /s/ GARY T. MIOTKE_____
                                      GARY T. MIOTKE (P41813)
                                      Attorney for Plaintiff